UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PATRICIA A. SCOTT,

                              Plaintiff,

                                                          **DECISION AND ORDER**
                                                          08-CV-910A

                v.

MICHAEL J. ASTRUE, Commissioner
  of Social Security Administration of the
  United States,

                              Defendant.

## I.      INTRODUCTION

        Pending before the Court is a motion (Dkt. No. 17) by plaintiff Patricia A.

Scott for costs and attorney fees pursuant to the Equal Access to Justice Act

("EAJA"), 28 U.S.C. § 2412.  Plaintiff's counsel seeks an award under EAJA on

the grounds that plaintiff was the prevailing party in this case and that defendant's

litigation position was not substantially justified.  Plaintiff's counsel also asks the

Court to make any award payable to him and to give defendant a deadline by

which it must determine whether any award given would be subject to an offset

under 31 U.S.C. § 3716 and 31 C.F.R. §§ 285.1-13.  Defendant does not oppose

an award of costs and fees in general but claims that plaintiff's counsel's request

is excessive and that any award must be payable to plaintiff pursuant to *Astrue v.

Ratliff*, 130 S. Ct. 2521 (June 14, 2010).  The Court deemed the motion submitted

on papers under Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons below, the Court grants the motion in part with respect to awarding an amount of costs and fees, but denies the request to make payment payable to plaintiff's counsel and denies without prejudice the request for a deadline for the determination of offsets.

## II. BACKGROUND

This case concerned plaintiff's efforts to obtain Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") after she hurt her back in a work-related accident in 1988 and suffered multiple injuries in a motor-vehicle accident in 1999. Plaintiff's initial claim was denied on June 17, 2003. Over the next five years, plaintiff pursued administrative appeals within the Social Security Administration to reverse the denial of her claim. Defendant issued a final decision denying her claim on October 16, 2008. In response, plaintiff commenced this case by filing her complaint on December 12, 2008. After cross-motions from the parties for judgment on the pleadings, and after a report and recommendation from Magistrate Judge Jeremiah J. McCarthy, this Court granted plaintiff's motion in part on June 29, 2010 and remanded the case to the Social Security Administration for further proceedings.

In response to the Court's decision in plaintiff's favor, plaintiff's counsel filed the pending motion for costs and attorney fees on August 27, 2010. The motion contains three requests. First, plaintiff's counsel seeks a total award of

costs and fees in the amount of $9,719.52 for the time spent litigating the case, including the pending motion and an analysis of the U.S. Supreme Court's decision in *Ratliff*. Second, plaintiff's counsel asks to have any award made payable to him, on the grounds that plaintiff assigned the right to any award to him, that *Ratliff* does not specifically prohibit making an award payable to an attorney when an assignment occurs, and that abiding by such assignments will help attorneys who represent plaintiffs who are homeless or difficult to locate. Third, plaintiff's counsel wants the Court to set a deadline by which defendant can determine whether an offset would have to be applied to any award. Plaintiff's counsel seeks this deadline to avoid a scenario in which procrastination on an offset determination prolongs payment indefinitely. In opposing the pending motion, defendant does not contest plaintiff's eligibility for an award. Rather, defendant challenges the amount requested as excessive given the uncomplicated nature of the case. Additionally, defendant contends that *Ratliff* requires any award to be made payable to plaintiff even if payment is delivered to her attorney. Finally, defendant contends that the Court has no authority to put any governmental offset determination on any timetable.

## III. DISCUSSION

### A. *EAJA Awards Generally*

"Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . .

incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). For respondent's litigation to qualify as "substantially justified," it must be "justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue. To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." *Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988) (citations omitted). "The burden is on the Government to show that its position was substantially justified." *Eames v. Bowen*, 864 F.2d 251, 252 (2d Cir. 1988) (citations omitted). Here, defendant has chosen not to challenge the general principle that plaintiff should receive an EAJA award of some amount. Plaintiff's counsel has made reference to "arbitrary" criteria that defendant supposedly uses to decide when or when not to challenge a request for costs and attorney fees. Defendant's internal office policies are of no concern to the Court; the Court's only concern is that defendant is not challenging plaintiff's eligibility for an award. The Court thus decides that an award is appropriate and will move to the next step of determining the size of that award.

## B.     *Amount Requested by Plaintiff's Counsel*

Having decided that an award of costs and attorney fees is appropriate in this case, the Court now must assess what the amount of the award should be. "The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  "[T]he exception for 'limited availability of qualified attorneys for the proceedings involved' must refer to attorneys 'qualified for the proceedings' in some specialized sense, rather than just in their general legal competence.  We think it refers to attorneys having some distinctive knowledge or specialized skill needful for the litigation in question—as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in all litigation."  *Pierce,* 487 U.S. at 572.  Here, the Court agrees with plaintiff's counsel's request for $366.07 for costs.  As for attorney fees, no special factors present themselves here, but the Court agrees with plaintiff's counsel that an adjustment of the statutory rate to reflect cost-of-living increases is appropriate as he has set forth.

Nonetheless, the total number of hours that plaintiff's counsel claims to have spent litigating this case appears excessive.  "Generally, district courts in this Circuit have held that a routine social security case requires from twenty to

5

forty hours of attorney time." *Hogan v. Astrue*, 539 F. Supp. 2d 680, 682

(W.D.N.Y. 2008) (Larimer, *J.*) (citations omitted). Even with the consideration of

the *Ratliff* decision, this case was routine in that the substance of it ended after a

complaint, an answer, and cross-motions for judgment on the pleadings.

Nonetheless, "[t]he Court is not required to scrutinize each action taken or the

time spent on it when determining what is reasonable. Instead, the Court has

discretion simply to apply a reasonable percentage reduction as a practical

means of trimming fat from a fee application." *Hogan*, 539 F. Supp. 2d at 683.

To put this case within the 20–40 hour range for routine cases, the Court will take

the total of $9,353.45 that plaintiff's counsel has requested in attorney fees, apply

a 25% across-the-board reduction, and award attorney fees in the amount of

$7,015.09. Adding $366.07 for costs yields a total award of $7,381.16.

## C. *To Whom Should Defendant Send Payment?*

As noted above, plaintiff's counsel asserts that the award of costs and fees

should be made payable to him, as opposed to merely sent to him, because of

his client's assignment. "The fact that the statute awards to the prevailing party

fees in which her attorney may have a beneficial interest or a contractual right

does not establish that the statute 'awards' the fees directly to the attorney. For

the reasons we have explained, the statute's plain text does the opposite—it

'awards' the fees to the litigant, and thus subjects them to a federal administrative

offset if the litigant has outstanding federal debts." *Ratliff*, 130 S. Ct. at 2526–27.

6

Although some district courts have attempted to address plaintiff's counsel's equitable arguments by finding ways to skirt around *Ratliff*'s edges, *see generally, e.g., McDonald v. Astrue*, No. 2:09cv027, 2010 WL 4818092 (W.D.N.C. Nov. 22, 2010), this Court finds that *Ratliff* states explicitly that the name on the check must be plaintiff's and not her attorney's. So long as plaintiff herself appears as the payee on the check, however, there is no reason why defendant cannot mail that check to plaintiff's counsel pursuant to the assignment. In fact, defendant essentially has agreed to do that here. (*See* Dkt. No. 22 at 11 n.3.) The Court thus will direct defendant to mail any post-offset payment, payable to plaintiff, to her attorney. The Court understands plaintiff's counsel's equitable arguments, but he will have to pursue them for future cases through the political process. *See Ratliff*, 130 S. Ct. at 2521 (Sotomayor, *J.*, concurring) ("While I join the Court's opinion and agree with its textual analysis, the foregoing persuades me that the practical effect of our decision 'severely undermines the [EAJA's] estimable aim . . . . The Legislature has just cause to clarify beyond debate' whether this effect is one it actually intends.") (alterations in original) (citation omitted).

### D.   *Deadline for Determining Offsets*

Finally, plaintiff raises an equitable argument for requiring that any offset determination that defendant might make occur within a finite period of time. For now, there is no reason to believe that defendant actually will prolong any offset

determination indefinitely.  Also, plaintiff has not adequately explained what authority the Court has to expedite the process of determining offsets. Nonetheless, plaintiff should have an opportunity to cite to any such authority in the future if payment does wind up taking an unreasonable amount of time.  The Court thus rejects plaintiff's counsel's request for an offset timetable, but without prejudice.

## IV.    CONCLUSION

For all of the foregoing reasons, the Court grants plaintiff's motion (Dkt. No. 17) in part and denies it in part as follows.  The Court awards plaintiff costs and attorney fees in the amount of $7,381.16, payable to plaintiff herself but to be delivered to plaintiff's counsel.  The Court rejects plaintiff's counsel's request for an offset timetable, but without prejudice to renew that request if payment does not occur within 120 days of this Decision and Order.

SO ORDERED.

*s / Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: January 5, 2011